## BARGER v. NATIONAL DISCOUNT COR-PORATION.

## NATIONAL DISCOUNT CORPORATION v. BARGER.

Circuit Court of Appeals, Seventh Circuit. June 10, 1929.

Rehearing Denied July 18, 1929.

Nos. 4131, 4144.

Clarendon C. Raymer, of Elkhart, Ind., for appellant.

Claude D. Carson, of Bremen, Ind., and Louis M. Hammerschmidt, of South Bend, Ind., for appellee.

Before ALSCHULER, EVANS, and PAGE, Circuit Judges.

PAGE, Circuit Judge. This is an appeal and a cross-appeal by the parties to a bill, filed by Barger (appellant in No. 4131 and appellee in No. 4144), trustee in bankruptcy of the estate of Alton W. Downs and here called appellant, against the National Discount Corporation (appellee in No. 4131 and appellant in No. 4144), here called appellee, to recover for the bankrupt estate property taken by appellee from bankrupt within four months of bankruptcy.

Certain of the property was taken under a chattel mortgage and subsequently sold for $900, which it is agreed was the fair value thereof. The court held against appellee on the chattel mortgage transaction, and decreed payment to appellant of $900, plus $180, cash paid by bankrupt at the time the mortgage was given. From that order, appellee appealed.

The other matters complained of in the bill, with the exception of a payment of $350 by check, at the time the chattel mortgage was made, grew out of transactions under conditional sales contracts. As to those transactions and the assignment of the $350 check, the decree was favorable to appellee, and appellant appealed.

Courts, reviewing cases on appeal, should be slow to overturn the conclusions of the trial court upon the facts, particularly where the master, who heard the witnesses, and the judge agree.

In this case, we are satisfied that appellee had abundant notice of the probable insolvency of Downs when the chattel mortgage was taken. It is not claimed that the sales contracts with Downs were void, but only that the method of handling the business under them was improper.

We are of opinion that the evidence fairly supports the finding of the master, favorable to appellant, as to the cash payment of $180, and the conclusion, favorable to appellee, as to the payment of $350, made by check at or about the time of giving the mortgage, and that the appellee was entitled, under the sales contracts, to the cars taken from bankrupt.

The decree is affirmed.